NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL KELLYWOOD,<br><br>               Petitioner-Appellant,<br><br>  v.<br><br>RYAN THORNELL,*<br><br>               Respondent-Appellee. | No.   22-15778<br><br>D.C. No. 4:21-cv-00234-JCH<br><br>MEMORANDUM** |

Appeal from the United States District Court
for the District of Arizona
John Charles Hinderaker, District Judge, Presiding

Submitted December 8, 2023***
San Francisco, California

Before: BRESS and JOHNSTONE, Circuit Judges, and MOSKOWITZ,****
District Judge.

---

      *      Ryan Thornell is automatically substituted as Respondent under Federal Rule of Civil Procedure 25(d).

      **     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      ***    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      ****   The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Petitioner Michael Kellywood appeals the district court's denial of his petition for a writ of habeas corpus. We granted a certificate of appealability limited to a single issue: "whether trial counsel was ineffective for failing to sufficiently research and support the motion to compel production of counseling and medical records." We review the district court's decision to deny the petition for a writ of habeas corpus *de novo*. *Rhoades v. Henry*, 638 F.3d 1027, 1034 (9th Cir. 2011). We also review ineffective assistance of counsel claims *de novo*. *Beardslee v. Woodford*, 358 F.3d 560, 569 (9th Cir. 2004). We must affirm the denial of habeas relief unless the Arizona Court of Appeals was objectively unreasonable in its application of *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The Arizona Court of Appeals' application of *Strickland* was not objectively unreasonable. Under *Strickland*, a claim of ineffective assistance of counsel has two components: (1) "the defendant must show that counsel's performance was deficient"; and (2) "the defendant must show that the deficient performance prejudiced the defense." 466 U.S. at 687.

Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id*. at 687–88. Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence, . . . a court must indulge a strong presumption

2

that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (citation omitted).

Here, the state court's determination that trial counsel acted reasonably in his representation of Kellywood was itself reasonable under *Strickland*. First, counsel timely prepared the appropriate motion to compel the records Kellywood sought ("Motion"), complete with reasoning and legal analysis. Next, the Arizona Court of Appeals on direct appeal from Kellywood's conviction was split on whether to affirm or reverse the denial of the Motion, showing that at least one appellate judge thought the Motion had merit. Further, counsel's omission of the identities of the counselor and medical professionals whose records were sought did not affect the merits of the Motion. Even in hindsight, Kellywood points to nothing else in the record that counsel could have included in the Motion that would have ensured its success. Finally, though the Motion could have been argued differently, no alternative strategy could have changed the speculative nature of the exculpatory evidence requested. Thus, counsel's conduct was within *Strickland's* "wide range of reasonable professional assistance," and the state court was not unreasonable in holding so. *See id.*

To satisfy the prejudice standard, under the second *Strickland* prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

3

at 694. This standard requires a "'substantial,' not just 'conceivable,' likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

Here, the state court's finding that counsel's conduct did not prejudice the outcome of the case was a reasonable application of *Strickland*. First, the existence of any exculpatory information in the requested records is so speculative that it is unlikely a more ideal motion to compel would have been granted. Further, even if trial counsel had succeeded in acquiring the exculpatory records sought, it is still not likely that this would have changed the outcome of the trial. This is because the evidence supporting Kellywood's conviction was substantial. In the decision denying post-conviction relief, the trial judge stated, "A.K. was a very believable witness. Her testimony included many small and seemingly unimportant details that added dramatically to her credibility. More importantly, the physical evidence from the carpeting was overwhelming." Evidence of Kellywood's semen and A.K.'s DNA in a home on which Kellywood was working, where A.K. testified that one of the acts of sexual intercourse occurred, further corroborates A.K.'s testimony. In addition, the fact that a child did not report the sexual abuse by her adoptive father to a medical professional is not significantly exculpatory, especially since Kellywood had threatened A.K. that he would kill himself if she told anyone about his sexual abuse. Accordingly, it is unlikely that a more effective motion would

have led to a different outcome at trial, and the state court was not unreasonable in denying the ineffective assistance of counsel claim.

**AFFIRMED.**